# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1462

_____

United States of America

*Plaintiff - Appellee*

v.

Juan Ortega-Bustamante

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: September 2, 2014
Filed: September 5, 2014
[Unpublished]

_____

Before WOLLMAN, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Juan Ortega-Bustamante directly appeals the concurrent sentences the district court[1] imposed after he pleaded guilty to illegal reentry after deportation following an

---

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

aggravated-felony conviction, in violation of 8 U.S.C. § 1326(a), (b)(2), and conspiring to distribute 500 grams or more of methamphetamine mixture, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, 851. His counsel has moved for leave to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing the sentences are unreasonable.

Upon careful review, we note that the sentence on the drug charge is the statutory minimum, and thus is not reviewable for reasonableness, *see United States v. Gregg*, 451 F.3d 930, 937 (8th Cir. 2006) (*United States v. Booker*, 543 U.S. 220 (2005), does not relate to statutorily imposed sentences); and we conclude that the illegal-reentry sentence is not unreasonable, *see United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (appellate review of sentencing decision). Accordingly, we affirm.

As for counsel's motion to withdraw, we conclude that allowing counsel to withdraw at this time would not be consistent with the Eighth Circuit's 1994 Amendment to Part V of the Plan to Implement the Criminal Justice Act of 1964. We therefore deny counsel's motion to withdraw as premature, without prejudice to counsel refiling the motion upon fulfilling the duties set forth in the Amendment.

_____